IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENA MATHIS,                            )
                                       )
      PLAINTIFF,                )
                                       )
vs.                                 )
                                       )     CIVIL ACTION NO. 4:16-CV-1559
LOWE'S HOME CENTERS, LLC      )
AND HUSQVARNA CONSUMER       )
OUTDOOR PRODUCTS, N.A., INC.    )
                                       )
      DEFENDANTS.

## DEFENDANTS' JOINT NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

      COME NOW Defendant Lowe's Home Centers, LLC and Defendant

Husqvarna Consumer Outdoor Products, N.A., Inc. (collectively referred to as

**"Defendants"**), and pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), jointly petition

this Court for removal of an action filed against Defendants in the 215th Judicial

District Court of Harris County, Texas, to the United States District Court for the

Southern District of Texas, Houston Division.   In support of this removal,

Defendants respectfully offer this Court the following facts, arguments, and legal

authorities:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1.     This case is a products-liability lawsuit involving a "riding lawn tractor."

*See* **Exhibit D** (Pl. 3rd Am. Pet.) at p. 2.  Defendant Husqvarna Consumer Outdoor

Products. N.A., Inc. (individually referred to as **"Husqvarna"**) manufactured the

tractor, and Defendant Lowe's Home Centers, LLC (individually referred to as "Lowe's") sold the tractor to Plaintiff Edna Mathis (**"Plaintiff"**). *Id.* Plaintiff alleges that on or about May 9, 2015, she suffered personal injuries when "the tractor's front right tire came loose, causing the Plaintiff to fall to the ground." *Id.* Based upon this allegation, Plaintiff filed the present lawsuit in State court less than one year ago on June 3, 2015. *See* **Exhibit A** (Pl. Orig. Pet.).

2.      Plaintiff filed her Third Amended Petition, which is her live pleading, on August 25, 2015. *See* **Exhibit D** (Pl. 3rd Am. Pet.).  To date, Plaintiff has named only two defendants in this lawsuit: (1) Lowe's; and (2) Husqvarna. *Id.* Plaintiff is asserting causes of action against Defendants for strict liability and alleged violations of the Texas DTPA, and she is also asserting a negligence cause of action against Lowe's. *Id.* at pp. 2-5.

3.      Prior to filing this Notice of Removal, Defendants each filed Answers in State Court denying Plaintiff's allegations. *See* **Exhibit E-F** (Answers); FED R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

4.      Defendants now timely file this Notice of Removal, because there is complete diversity of citizenship between Plaintiff and Defendants, and Defendants can establish Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## II.
## GROUNDS FOR REMOVAL

**5.**     Removal is proper because subject matter jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332(a).

**A.**     **Amount in Controversy Exceeds $75,000**

**6.**     As indicated, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).  In the four Petitions she filed, Plaintiff has sought to recover the following elements of damages: (1) past medical expenses; (2) future medical expenses; (3) past pain, suffering, and mental anguish; (4) future pain, suffering, and mental anguish; (5) past physical impairment; (6) future physical impairment; (7) past lost wages; and (8) future loss of earning capacity. *See* **Exhibits A-D** (Pl. Petitions) at p. 3. Plaintiff specifically alleged in all four Petitions that the amount of these alleged damages is below $75,000: "Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000.00." *Id.* at p. 1.   Contrary to Plaintiff's conclusory damages allegation, the information in Plaintiff's recent demand letter confirms the amount in controversy exceeds $75,000. *See, e.g., Lanfreth v. Allstate Tex. Lloyd's*, No. C-09-254, 2009 WL 3756902, at *3, n. 1 (S.D. Tex. Nov. 6, 2009) (collecting cases in the Fifth Circuit to explain that "Courts have consistently looked to demand letters . . . as evidence of the amount in controversy."); *see also* 28 U.S.C. §1332(c)(2)(B) ("removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum

demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332 (a).:"); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.").

7.     Specifically, on May 26, 2016, Plaintiff served a demand letter on Defendants. *See* **Exhibit G** (demand letter).   In her demand letter, Plaintiff clarified for the first time that, although she expressly alleged damages of less $75,000.00 in her Petition, the amount in controversy actually exceeds $75,000. *Id.*  In that regard, Plaintiff offered to settle for $175,000. *Id.* at p. 3.  As support for that demand, Plaintiff alleges her past medical expenses amount to $85,323.37, and Plaintiff further alleges her future medical expenses for an "endoscopic rhizotomy" will amount to at least $105,846.49. *Id.*  Plaintiff's demand does not disclose the alleged amounts for past/future pain and mental anguish, past/future physical impairment, past lost wages, or future loss of earning capacity, but Plaintiff's alleged past/future medical expenses alone amount to more than $191,000. *Id.*  The amount in controversy exceeds the sum or value of $75,000.00.

**B.**     **Complete Diversity of Citizenship between Properly-Joined Parties**

**8.**     There is also complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Texas *See* **Exhibits A-D** (Pl. Petitions) at p. 1. Husqvarna is a citizen of Delaware and North Carolina, because it is corporation organized under the laws of Delaware with its principal place of business in Charlotte, North Carolina. *see* 28 U.S.C. §1332(c)(1) (instructing "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Husqvarna is *not* a citizen of Texas. *Id.* Lowe's is only a citizen of North Carolina, because it is a corporation organized under the laws of North Carolina with its principal place of business in Mooresville, North Carolina. *Id.* Lowe's is *not* a citizen of Texas. *Id.*

### III.
### REMOVAL IS TIMELY

**9.**     Defendants have timely removed the lawsuit to this Court. Plaintiff filed this lawsuit on June 3, 2015. *See* **Exhibit A** (Pl. Orig. Pet.). The case stated by Plaintiff's Original Petition and all of Plaintiff's Amended Petitions was not removable, because Plaintiff expressly alleged an amount in controversy below $75,000. *See* **Exhibits A-D.** However, on May 26, 2015, the case became removable when Plaintiff answered written discovery and tendered a demand letter

that, for the first time, clarified the amount in controversy exceeds $75,000.[1] *See* **Exhibit G** (demand letter).

10.    Under 28 U.S.C. §1446(b)(3), Defendants now timely file this Notice of Removal within thirty days after service and receipt of that "other paper from which it may first be ascertained that the case is one which is or has become removable." *See Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("Holding that a post-complaint letter . . . may be 'other paper' under §1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit. . . Accordingly, [the plaintiff's] post-complaint demand letter was an 'other paper' under §1446(b).").

11.    Defendants are removing this case within one year of commencement of the action, as required under 28 U.S.C. §1446(c)(1).

## IV.
## CONSENT NOT REQUIRED

12.    Husqvarna and Lowe's are the only named defendants, and therefore Husqvarna and Lowe's do not have to obtain any party's consent prior to removal. *See* 28 U.S.C. §1446(b)(2)(A).

---

[1] Defendants served written discovery requests on February 3, 2016. Plaintiff answered this discovery almost 4 months later on May 26, 2016.

## V.
## __VENUE IS PROPER__

**13.**     Venue is proper in this court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending.  Specifically, the 215th Judicial District Court of Harris County, Texas, is in the United States District Court of the Southern District of Texas, Houston Division. *See* 28 U.S.C. §124(b)(2).

## VI.
## __COMPLIANCE WITH PROCEDURAL REQUIREMENTS__

**14.**     As required under 28 U.S.C. §1446(a) and Southern District of Texas Local Rule 81, copies of the following documents are attached to this Notice of Removal: (a) all executed process in the case; (b) pleadings asserting causes of action; (c) all orders signed by the state judge; (d) the docket sheet; (e) an index of matters being filed; and (f) a list of counsel of record.

**15.**     On filing of this Notice of Removal, Defendants will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, under 28 U.S.C. § 1446(d).

**16.**     If this Court subsequently identifies a defect in this Notice of Removal, Defendants respectfully request this Court to grant Defendants leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish*

*Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, \*7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

17.    The filing fee has been paid to the Clerk of Court.

18.    Upon removal, Defendants will promptly file their Corporate Disclosure Statements, as required under Federal Rule of Civil Procedure 7.1.

19.    Under 28 U.S.C. § 1446(a), this Notice of Removal is signed under Federal Rule of Civil Procedure 11.

## VII.
## JURY DEMAND

20.    Defendants made jury demands under State law in the State court proceeding and has therefore preserved their rights to a jury trial. *See* Fed. R. Civ. P. 81(c)(3)(A).

## VIII.
## CONCLUSION

21.    In conclusion, Defendants represent that they have properly complied with the removal statutes and rules set forth above, and this case stands removed from the 215th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. The filing of this Notice, along with filing the notice in the State court and service of the notice upon Plaintiff's counsel, serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the State court of all jurisdiction over these proceedings and claims.

4562728                                    8

22.    By filing this Notice of Removal, Defendants waive no legal defenses or objections to Plaintiff's Petition, but expressly reserve their rights to raise all legal defenses or objections in subsequent pleadings in this Court.

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

GERMER BEAMAN & BROWN, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas  78701
(512) 472-0288 Telephone
(512) 472-9260 Facsimile

By: /s/Chris A. Blackerby
    Chris A. Blackerby
    State Bar No. 00787091
    Federal Bar No. 20016
    Ryan C. Bueche
    State Bar No. 24064970
    Federal Bar No. 1419712

**ATTORNEYS FOR DEFENDANTS**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record via facsimile on this 2ND day of June, 2016.

John Daspit
jdaspit@daspitlaw.com
Robert Morse
Robert@daspitlaw.com
David Sanders
Michael@daspitlaw.com
Daspit Law Firm
440 Louisiana St., Suite 1400
Houston, Texas  77002
(713) 588-0383 Telephone
(713) 587-9086 Facsimile

/s/Chris A. Blackerby
Chris A. Blackerby / Ryan C. Bueche

6/3/2015 9:12:02 AM
Chris Daniel - District Clerk Harris County
Envelope No. 5520610
By: Nelson Cuero
Filed: 6/3/2015 9:12:02 AM

## 2015-31633 / Court: 215

CAUSE NO. _____

| | | |
|---|---|---|
| EDNA MATHIS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| LOWE'S HOME CENTERS, LLC | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Edna Mathis Plaintiff, complains of Lowes Home Centers, LLC, hereinafter called Defendant, and would respectfully show the Court the following:

### Discovery Control Plan

Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190.

### Jurisdiction and Venue

The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### Statement Regarding Monetary Relief Sought

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000.00.

### Parties

Plaintiff Edna Mathis is a resident citizen of Harris County, Texas.

Defendant Lowe's Home Center LLC is a foreign business entity organized according to the laws of North Carolina and whose principal place of business is located at 1000 Lowes Blvd. Mooresville, North Carolina.   It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East 7th

**EXHIBIT**

**A**

Street, Suite 620, Austin, Texas 78701.

## Facts

At all times pertinent hereto, Defendant owned and operated an international chain of retail outlets commonly referred to as Lowe's. It owns and operates more than 1800 such locations. They sell a variety of home improvement products include the defective product purchased by the Plaintiff, namely a Husqvarna Riding Lawn Tractor. Lowe's is a publically traded for-profit entity incorporated in North Carolina and are the world's second largest hardware chain..

At all relevant times, Defendant advertised, assembled and sold riding lawn tractors to the general public. Specifically, Defendant supplied Plaintiff just such a product Harris County, Texas. The specific Lowe's location where this defective lawn tractor was purchased is located at 7355 FM 1960 East, Humble, Texas 77346.

On or about May 8, 2015 Plaintiff purchased a 26 horsepower riding lawn tractor from Defendant for approximately $2,300.00. This item was delivered to the Plaintiff the following day. This lawn tractor, while manufactured by someone other than Lowe's, was not completely assembled until delivery to the subject location where the final assembly and inspection takes place. As a result of the negligent assembly, inspection and/or deliver by Lowe's employees, Plaintiff sustained serious physical injuries. These injuries occurred when during the first minutes of operation when the front right tire came loose from the tractor causing the Plaintiff to fall to the ground.

## Negligence

Defendant owed a duty of care to the Plaintiff and other customers to assemble, inspect and/or deliver products that are fit for the intended use and not in an unreasonably dangerous condition. Defendants failed in this duty by either failing to inspect a product before they sold it to the Plaintiff, failing to properly assemble the finished product before the sold it to the Plaintiff, or

2

damaging the product during delivery to the Plaintiff and then failing to warn her of the dangerous condition they created. Defendant's breaches of some or all of these duties to the Plaintiff were the proximate cause of injury to the Plaintiff.

### Strict Liability

Plaintiff incorporates each and every allegation contained in the proceeding paragraphs as if set for fully herein. Defendant placed the defective product into the market. It was sold in an unreasonably dangerous and defective condition. This defective condition was the proximate cause of Plaintiff's injuries. There were no intervening acts or omissions between the Defendant's conduct and the delivery of the product to the Plaintiff.

### Damages

By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering and mental anguish;

c. Past and future physical impairment;

d. Past lost wages and future loss of earning capacity.

### Jury Demand

Plaintiff hereby demands a trial by jury.

### Request for Disclosure to Defendant

Plaintiff requests you disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner

3

prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff

have judgment against Defendant, both jointly and severally, in a total sum in excess of the minimum

jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court,

and all such other and future relief, to which he may show himself justly entitled.


Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Robert Morse*

_____

JOHN DASPIT
SBN: 24048906
jdaspit@daspitlaw.com
ROBERT MORSE
SBN: 24041529
robert@daspitlaw.com
DAVID SANDERS
SBN: 24093102
michael@daspitlaw.com
440 Louisiana St., Suite 1400
Houston, Texas 77002
713.588.0383—phone
713.587.9086—fax

**ATTORNEYS FOR PLAINTIFF**

4

SLT Services, LLC
238 S Egret Bay Blvd. #193
League City, Texas 77573



U.S. POSTAGE
PAID
LEAGUE CITY, TX
77573
JUN 10, 15
AMOUNT

**$5.34**

1000      78701      R2304M113971-02



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL** ®

7014 2870 0001 3673 2827

Lowe's Home Centers LLC
c/o Corporation Service Company
211 7th Street, Suite 620
Austin, TX 78701

78701$3218 C012

7/14/2015 10:39:21 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6052620
By: Charleta Johnson
Filed: 7/13/2015 3:47:08 PM

CAUSE NO. 2015-31633

| | | |
|---|---|---|
| EDNA MATHIS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LOWE'S HOME CENTERS, LLC | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Edna Mathis complains of Defendant Lowe's Home Centers, LLC and would respectfully show the Court the following:

### Discovery Control Plan

Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190.

### Jurisdiction and Venue

The claims asserted arise under the common law of Texas and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### Statement Regarding Monetary Relief Sought

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000.00.

### Parties

Plaintiff Edna Mathis is an individual residing in Harris County, Texas.

Defendant Lowe's Home Center LLC ("Lowe's") is a North Carolina company engaged in business in Harris County, Texas and has appeared and answered in this matter.



EXHIBIT
B

## Facts

This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 9, 2015.  Plaintiff purchased a 26 horsepower riding lawn tractor from one of Defendant Lowe's stores, located at 7355 FM 1960 East, Humble, Texas 77346 in Harris County.  This item was delivered to the Plaintiff the following day. The subject lawn tractor, manufactured by a company not a party to this lawsuit, was not completely assembled until delivery to Plaintiff's home.  Within the first few minutes of Plaintiff operating the subject lawn tractor, the tractor's front right tire came loose, causing the Plaintiff to fall to the ground.  As a result of defects in the land tractor and/or negligent assembly, inspection and/or delivery by Defendant Lowe's, Plaintiff sustained serious physical injuries.

## Negligence

Defendant Lowe's owed a duty of care to the Plaintiff and other customers to assemble, inspect and/or deliver products that are fit for their intended use and not in an unreasonably dangerous condition.  Defendant failed in this duty by either failing to inspect a product before they sold it to the Plaintiff, failing to properly assemble the finished product before it was sold to the Plaintiff, or damaging the product during delivery to the Plaintiff and subsequently failing to warn her of the dangerous condition they created.  Defendant's breaches of some or all of these duties to Plaintiff were the proximate cause of Plaintiff's injuries.

## DTPA

Defendant has violated and continues to violate TEX. BUS. & COM CODE §17.41, *et seq.* by engaging in one or more of the following acts or practices:

   a) Engaging in false, misleading, or deceptive acts or practices in the conduct or trade and commerce, in violation of TEX. BUS. & COM CODE §17.46(a);

b) Representing that its goods or services have characteristics, uses or benefits which they do not have, in violation of TEX. BUS. & COM CODE §17.41(b)(5);

c) Representing that goods or services are of a particular standard, quality, or grade, in violation of TEX. BUS. & COM CODE §17.46(b)(7); and

d) Representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced, in violation of TEX. BUS. & COM CODE §17.46(b)(22).

### Strict Liability

Plaintiff repeats and realleges each allegation contained above. Defendant Lowe's placed a defective product into the market. It was sold in an unreasonably dangerous and defective condition. This defective condition was the proximate cause of Plaintiff's injuries. There were no intervening acts or omissions between the Defendant's conduct and the delivery of the product to the Plaintiff.

### Damages

By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a.   Past and future medical expenses;

b.   Past and future pain, suffering and mental anguish;

c.   Past and future physical impairment;

d.   Past lost wages and future loss of earning capacity.

### Jury Demand

Plaintiff hereby demands a trial by jury.

### Request for Disclosure to Defendant

Plaintiff requests you disclose, within 50 days of service of this request, the information or

3

materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and future relief, to which he may show herself justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Evan N. Kramer*
John Arthur Daspit
Texas State Bar No. 24048906
Robert Morse
Texas State Bar No. 24041529
Evan N. Kramer
Texas State Bar No. 11704650
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: jdaspit@daspitlaw.com
        robert@daspitlaw.com
        evan@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

4

8/10/2015 8:48:05 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6417025
By: Charleta Johnson
Filed: 8/10/2015 8:48:05 AM

CAUSE NO. 2015-31633

| | | |
|---|---|---|
| EDNA MATHIS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LOWE'S HOME CENTERS, LLC and | § | |
| HUSQVARNA CONSTRUCTION | § | |
| PRODUCTS NORTH AMERICA, INC. | § | |
| | § | |
| *Defendants.* | § | 215TH JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND AMENDED PETITION

Plaintiff Edna Mathis complains of Lowe's Home Centers, LLC and Husqvarna Construction Products North America, Inc. (collectively, as "Defendants"), and would respectfully show the Court the following:

### Discovery Control Plan

Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

The claims asserted arise under the common law of Texas and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### Statement Regarding Monetary Relief Sought

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000.00.


EXHIBIT
C

**Parties**

Plaintiff Edna Mathis is an individual residing in Harris County, Texas.

Defendant Lowe's Home Center LLC ("Lowe's") is a North Carolina company engaged in business in Harris County, Texas and has appeared and answered in this matter.

Defendant Husqvarna Construction Products North America, Inc. ("Husqvarna") is a Delaware corporation engaged in business in Harris County, Texas. Defendant Husqvarna may be served with process by serving its registered agent, National Corporate Research, Ltd., at 800 Brazos Street, Suite 400, Austin, Texas 78701.

**Facts**

This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 9, 2015. Plaintiff purchased a 26 horsepower riding lawn tractor from one of Defendant Lowe's stores, located at 7355 FM 1960 East, Humble, Texas 77346 in Harris County. This item was delivered to the Plaintiff the following day. The subject lawn tractor, manufactured by Defendant Husqvarna, was not completely assembled until delivery to Plaintiff's home. Within the first few minutes of Plaintiff operating the subject lawn tractor, the tractor's front right tire came loose, causing the Plaintiff to fall to the ground. As a result of defects in the design and/or manufacture of the land tractor by Defendant Husqvarna and/or negligent assembly, inspection and/or delivery by Defendant Lowe's, Plaintiff sustained serious physical injuries.

**Negligence: Lowe's**

Defendant Lowe's owed a duty of care to the Plaintiff and other customers to assemble, inspect and/or deliver products that are fit for their intended use and not in an unreasonably dangerous condition. Defendant failed in this duty by either failing to inspect a product before they sold it to the Plaintiff, failing to properly assemble the finished product before it was sold to the

2

Plaintiff, or damaging the product during delivery to the Plaintiff and subsequently failing to warn her of the dangerous condition they created.  Defendant's breaches of some or all of these duties to Plaintiff were the proximate cause of Plaintiff's injuries.

## Manufacturing Defect: Husqvarna

There was a manufacturing defect in the subject lawn tractor at the time it left the possession of Defendant Husqvarna.  The lawn tractor deviated in its construction or quality from its specifications in a manner that rendered it unreasonably dangerous.

The manufacturing defect rendered the lawn tractor dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

The above manufacturing defect was a producing cause of the injuries made the basis of this suit.

## Design Defect: Husqvarna

The lawn tractor had a design defect at the time it left the possession of Defendant Husqvarna.

There was a safer alternative design for the subject lawn tractor that was economically and technologically feasible at the time the product left the control of Defendant Husqvarna by the application of existing or reasonably achievable scientific knowledge.

The safer alternative design would have prevented or significantly reduced the risk of Plaintiff's personal injury without substantially impairing the product's utility.

The above design defect was a producing cause of the injuries made the basis of this suit.

## Marketing Defect: Husqvarna

The lawn tractor had a marketing defect at the time it left the possession of Defendant Husqvarna.

There were not adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known. Defendant Husqvarna failed to give adequate instructions to avoid such dangers. This lack of warnings and instructions rendered the product unreasonably dangerous.

The marketing defect rendered the lawn tractor dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

The above marketing defect was a producing cause of the injuries made the basis of this suit.

### DTPA

Defendants have violated and continue to violate TEX. BUS. & COM CODE §17.41, *et seq*. by engaging in one or more of the following acts or practices:

a) Engaging in false, misleading, or deceptive acts or practices in the conduct or trade and commerce, in violation of TEX. BUS. & COM CODE §17.46(a);

b) Representing that its goods or services have characteristics, uses or benefits which they do not have, in violation of TEX. BUS. & COM CODE §17.41(b)(5);

c) Representing that goods or services are of a particular standard, quality, or grade, in violation of TEX. BUS. & COM CODE §17.46(b)(7); and

d) Representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced, in violation of TEX. BUS. & COM CODE §17.46(b)(22).

### Strict Liability

Plaintiff repeats and realleges each allegation contained above. Defendants placed a defective product into the market. It was sold in an unreasonably dangerous and defective condition.

This defective condition was the proximate cause of Plaintiff's injuries.   There were no intervening acts or omissions between the Defendants' conduct and the delivery of the product to the Plaintiff.

### Damages

By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

      a.      Past and future medical expenses;

      b.      Past and future pain, suffering and mental anguish;

      c.      Past and future physical impairment;

      d.      Past lost wages and future loss of earning capacity.

### Jury Demand

Plaintiff hereby demands a trial by jury.

### Request for Disclosure to Defendant

Plaintiff requests you disclose within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants jointly and severally in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and future relief, to which she may show herself justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Evan N. Kramer*
John Arthur Daspit
Texas State Bar No. 24048906
Robert Morse
Texas State Bar No. 24041529
Evan N. Kramer
Texas State Bar No. 11704650
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: jdaspit@daspitlaw.com
　　　robert@daspitlaw.com
　　　evan@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

8/25/2015 9:58:10 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6634941
By: JEANETTA SPENCER
Filed: 8/25/2015 9:58:10 AM

CAUSE NO. 2015-31633

| | | |
|---|---|---|
| EDNA MATHIS | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LOWE'S HOME CENTERS, LLC and | § | |
| HUSQVARNA CONSUMER | § | |
| OUTDOOR PRODUCTS, N.A., INC. | § | |
| | § | |
| *Defendants.* | § | 215TH JUDICIAL DISTRICT |

### PLAINTIFF'S THIRD AMENDED PETITION

Plaintiff Edna Mathis complains of Lowe's Home Centers, LLC and Husqvarna Consumer Outdoor Products, N.A., Inc. (collectively, as "Defendants"), and would respectfully show the Court the following:

### Discovery Control Plan

Plaintiff intends to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

The claims asserted arise under the common law of Texas and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

### Statement Regarding Monetary Relief Sought

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000.00.



EXHIBIT
D

**Parties**

Plaintiff Edna Mathis is an individual residing in Harris County, Texas.

Defendant Lowe's Home Center LLC ("Lowe's") is a North Carolina company engaged in business in Harris County, Texas and has appeared and answered in this matter.

Defendant Husqvarna Consumer Outdoor Products, N.A., Inc. ("Husqvarna") is a Delaware corporation engaged in business in Harris County, Texas. Defendant Husqvarna may be served with process by serving its registered agent, National Corporate Research, Ltd., at 800 Brazos Street, Suite 400, Austin, Texas 78701.

**Facts**

This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 9, 2015. Plaintiff purchased a 26 horsepower riding lawn tractor from one of Defendant Lowe's stores, located at 7355 FM 1960 East, Humble, Texas 77346 in Harris County. This item was delivered to the Plaintiff the following day. The subject lawn tractor, manufactured by Defendant Husqvarna, was not completely assembled until delivery to Plaintiff's home. Within the first few minutes of Plaintiff operating the subject lawn tractor, the tractor's front right tire came loose, causing the Plaintiff to fall to the ground. As a result of defects in the design and/or manufacture of the land tractor by Defendant Husqvarna and/or negligent assembly, inspection and/or delivery by Defendant Lowe's, Plaintiff sustained serious physical injuries.

**Negligence: Lowe's**

Defendant Lowe's owed a duty of care to the Plaintiff and other customers to assemble, inspect and/or deliver products that are fit for their intended use and not in an unreasonably dangerous condition. Defendant failed in this duty by either failing to inspect a product before they sold it to the Plaintiff, failing to properly assemble the finished product before it was sold to the

Plaintiff, or damaging the product during delivery to the Plaintiff and subsequently failing to warn her of the dangerous condition they created.   Defendant's breaches of some or all of these duties to Plaintiff were the proximate cause of Plaintiff's injuries.

### Manufacturing Defect: Husqvarna

There was a manufacturing defect in the subject lawn tractor at the time it left the possession of Defendant Husqvarna.   The lawn tractor deviated in its construction or quality from its specifications in a manner that rendered it unreasonably dangerous.

The manufacturing defect rendered the lawn tractor dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

The above manufacturing defect was a producing cause of the injuries made the basis of this suit.

### Design Defect: Husqvarna

The lawn tractor had a design defect at the time it left the possession of Defendant Husqvarna.

There was a safer alternative design for the subject lawn tractor that was economically and technologically feasible at the time the product left the control of Defendant Husqvarna by the application of existing or reasonably achievable scientific knowledge.

The safer alternative design would have prevented or significantly reduced the risk of Plainitff's personal injury without substantially impairing the product's utility.

The above design defect was a producing cause of the injuries made the basis of this suit.

### Marketing Defect: Husqvarna

The lawn tractor had a marketing defect at the time it left the possession of Defendant

Husqvarna.

There were not adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known.  Defendant Husqvarna failed to give adequate instructions to avoid such dangers.  This lack of warnings and instructions rendered the product unreasonably dangerous.

The marketing defect rendered the lawn tractor dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

The above marketing defect was a producing cause of the injuries made the basis of this suit.

### DTPA

Defendants have violated and continue to violate TEX. BUS. & COM CODE §17.41, *et seq*. by engaging in one or more of the following acts or practices:

    a)  Engaging in false, misleading, or deceptive acts or practices in the conduct or trade and commerce, in violation of TEX. BUS. & COM CODE §17.46(a);

    b)  Representing that its goods or services have characteristics, uses or benefits which they do not have, in violation of TEX. BUS. & COM CODE §17.41(b)(5);

    c)  Representing that goods or services are of a particular standard, quality, or grade, in violation of TEX. BUS. & COM CODE §17.46(b)(7); and

    d)  Representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced, in violation of TEX. BUS. & COM CODE §17.46(b)(22).

### Strict Liability

Plaintiff repeats and realleges each allegation contained above.  Defendants placed a

defective product into the market.  It was sold in an unreasonably dangerous and defective condition.

This defective condition was the proximate cause of Plaintiff's injuries.  There were no intervening acts or omissions between the Defendants' conduct and the delivery of the product to the Plaintiff.

### Damages

By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a.   Past and future medical expenses;

b.   Past and future pain, suffering and mental anguish;

c.   Past and future physical impairment;

d.   Past lost wages and future loss of earning capacity.

### Jury Demand

Plaintiff hereby demands a trial by jury.

### Request for Disclosure to Defendant

Plaintiff requests you disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Prayer

Plaintiff prays that these citations issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants jointly and severally in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and future relief, to which she may show herself justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Evan N. Kramer*
John Arthur Daspit
Texas State Bar No. 24048906
Robert Morse
Texas State Bar No. 24041529
Evan N. Kramer
Texas State Bar No. 11704650
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: jdaspit@daspitlaw.com
        robert@daspitlaw.com
        evan@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

6/24/2015 4:20:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5812191
By: JEANETTA SPENCER
Filed: 6/24/2015 4:20:42 PM

CAUSE NO. <u>2015-31633</u>

| | | |
|---|---|---|
| **EDNA MATHIS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **215TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | **HARRIS COUNTY, TEXAS** |

**<u>DEFENDANT, LOWE'S HOME CENTERS, LLC'S, ORIGINAL ANSWER AND
REQUESTS FOR DISCLOSURE</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Lowe's Home Centers, LLC, Defendant in the above-styled and numbered cause, and reserving the right to file other and further pleadings, exceptions, and denials, files this its Original Answer to Plaintiff's Original Petition, and for such answer would show the Court as follows:

**I.**

Defendant, Lowe's Home Centers, LLC, generally denies each and every allegation contained in Plaintiff's Petition and upon this denial, demands a trial of the issues. Subject to such stipulations and admissions as may hereinafter be made, this Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations made against this Defendant by a preponderance of the evidence and Defendant hereby demands a trial by jury.

**II.**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is hereby requested to disclose to Defendant within (30) days of this Request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.



### III. AFFIRMATIVE DEFENSES AND DENIALS

Defendant affirmatively alleges that the accident made the basis of this suit was caused by the negligence of a third-party or third parties over whom this Defendant had no control nor right of control, and that said negligence was a proximate cause or, in the alternative, was the sole proximate cause of the alleged damages, if any.

Defendant further affirmatively alleges that the loss, damage and injuries, if any, alleged by Plaintiff was proximately caused by a new, independent, and intervening cause over which Defendant had no control or right of control.

Defendant furthermore affirmatively pleads its statutory right to comparative negligence pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Vernon's Annotated Texas Civil Statutes. Defendant would show that they are entitled to a credit or offset equal to the amount of any and all sums that Plaintiff has received or may hereinafter receive by way of settlement with any person or party. Defendant contends it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to a settling tortfeasor, cross-claimant designated third party or other party to this suit.

Defendant Lowe's asserts the defense of products liability and a duty to indemnify set forth in Chapter 82 of Texas Civil Practice & Remedies Code. Defendant Lowe's alleges that any alleged injuries by the Plaintiff was caused by exposure to products manufactured by other Defendants and responsible third-parties, rather than being caused by exposure to any products sold or manufactured by Lowe's.

### IV.

Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to her medical providers; Defendant asserts the statutory defense set forth in

Sec. 41.0105 of the Texas Civil Practice and Remedies Code. Tex.Civ.Prac.& Rem.Cod.Sec. 41.0105. Thus, recovery of medical or healthcare expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff. Additionally, pursuant to *Haygood v. De Escabedo,* 356 S.W.3d 390 (Tex. 2011), Defendant objects to the introduction of any medical bills which reflect amounts other than the net amount of medical after offsets or adjustments.

## V.

WHEREFORE, PREMISES CONSIDERED, Defendant, Lowe's Home Centers, LLC, respectfully prays that, upon final disposition of this case, Plaintiff takes nothing by reason of Plaintiff's allegations against Defendant and that this Court grant Defendant such other relief to which it may be entitled, including but not limited to reimbursement for the costs incurred by Defendant in responding to and defending the allegations raised against it in Plaintiff's Original Petition.

Respectfully submitted,

**PAUL GARCIA & ASSOCIATES**
4801 N.W. Loop 410, Ste. 525
San Antonio, Texas 78229
(210) 340-1818
(210) 340-4073 (facsimile)
E:  service@pgtxlaw.com

By: */s/ Paul Garcia*
PAUL GARCIA
State Bar No. 00798199
pgarcia@pgtxlaw.com
KRISHNA REDDY
State Bar No. 24065954
kreddy@pgtxlaw.com
**ATTORNEYS FOR DEFENDANT LOWE'S**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant, Lowes Companies Inc.'s Original Answer has been sent in accordance with the Texas Rules of Civil Procedure, on this  24th  day of June , 2015 to:

DASPIT LAW FIRM
JOHN DASPIT
ROBERT MORSE
DAVID SANDERS
440 Louisiana St., Suite 1400
Houston, Texas 77002
***By Facsimile 1-713-587-9086 and email:  david@daspitlaw.com***

*/s/ PAUL GARCIA*
PAUL GARCIA

4

9/9/2015 3:13:10 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6850482
By: JEANETTA SPENCER
Filed: 9/9/2015 3:13:10 PM

CAUSE NO. 2015-31633

| | | |
|---|---|---|
| EDNA MATHIS, | ) | IN THE DISTRICT COURT OF |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | HARRIS COUNTY, TEXAS |
| LOWE'S HOME CENTERS, LLC AND | ) | |
| HUSQVARNA CONSUMER OUTDOOR | ) | |
| PRODUCTS, N.A., INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | 215TH JUDICIAL DISTRICT |

### DEFENDANT HUSQVARNA CONSUMER OUTDOOR PRODUCTS, N.A., INC.'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION, AND RELIANCE UPON JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Husqvarna Consumer Outdoor Products, N.A., Inc. ("Husqvarna"), one of the defendants in the above-styled and numbered cause, and files this its Special Exceptions, Original Answer to Plaintiff's Third Amended Petition, and Reliance Upon Jury Demand, and shows the Court as follows:

A.   Special Exceptions

1.   Husqvarna specially excepts to Plaintiff's Third Amended Petition where plaintiff alleges that the subject lawn tractor was defectively designed, manufactured and marketed. These allegations are wholly conclusory and fail to provide Husqvarna fair notice of the claims against it.  Plaintiff should be required to replead to specify in detail any and all alleged defects in the design and manufacture of the lawn tractor in question and in the marketing of such lawn tractor which allegedly give rise to her strict liability causes of action against Husqvarna.

2.   Husqvarna specially excepts to Plaintiff's Third Amended Petition where plaintiff alleges a vague DTPA cause of action.  These allegations are wholly conclusory and fail to provide Husqvarna fair notice of the claims against it.  Plaintiff should be required to replead to



EXHIBIT
F

specify in detail the alleged acts and/or omissions of Husqvarna which allegedly support her DTPA claim against Husqvarna.

3.     Husqvarna requests that these Special Exceptions be granted and that the offending allegations be stricken or that plaintiff be given an appropriate but limited period of time within which to replead.  If plaintiff does not timely replead, Husqvarna requests that the allegations in question be stricken.

B.     <u>General Denial</u>

Husqvarna invokes the provisions of Rule 92 of the Texas Rules of Civil Procedure and exercises its legal right to require plaintiff to prove all of the allegations contained in her pleadings, if plaintiff can so prove them, which is denied.  Accordingly, Husqvarna denies generally the allegations in plaintiff's pleadings and demands strict proof thereof by a preponderance of the evidence.

C.     <u>Affirmative Defenses</u>

1.     Husqvarna alleges that plaintiff's alleged damages were proximately caused by, or, in the alternative, were solely proximately caused by, the acts or omissions of plaintiff in failing to use the product as intended and in accordance with the instructions and warnings and in failing to maintain a proper lookout for her own safety.

2.     Husqvarna alleges in the alternative that plaintiff's alleged damages were proximately caused by, or, in the alternative, were solely proximately caused by, the acts, omissions, or fault of third parties for whose conduct Husqvarna is not in any way liable or responsible.

3.      Husqvarna specifically pleads the provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code dealing with contribution and comparative responsibility and requests that any damages be assessed in accordance with those provisions.

4.      Husqvarna specifically pleads Chapter 82 of the Texas Civil Practices and Remedies Code dealing with design defects and requires plaintiff to meet her burden of proof with regarding to all claims of design defect as specified in Chapter 82.  Plaintiff must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.  Husqvarna requests that the jury be instructed on all statutorily required elements of a "design defect case."

5.      Husqvarna asserts that plaintiff's recovery of medical or health care expenses incurred be limited to the amount actually paid or incurred by or on behalf of the plaintiff.  Tex. Civ. Prac. & Rem. Code § 41.0105.

E.      Reliance Upon Jury Demand

Husqvarna relies upon plaintiff's jury demand.

WHEREFORE, PREMISES CONSIDERED, defendant Husqvarna Consumer Outdoor Products, N.A., Inc. prays that plaintiff take nothing by this suit, that Husqvarna have judgment for its costs in this proceeding, and that the Court grant Husqvarna such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GERMER BEAMAN & BROWN, P.L.L.C.
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By: /s/ Chris A. Blackerby
      Chris A. Blackerby
      State Bar No. 00787091
      cblackerby@germer-austin.com

ATTORNEYS FOR DEFENDANT
HUSQVARNA CONSUMER OUTDOOR
PRODUCTS, N.A., INC.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as set forth below via facsimile and/or via e-service, on this 9th day of September, 2015.

Evan N. Kramer
John Arthur Daspit
Robert Morse
Daspit Law Firm
440 Louisiana St., Suite 1400
Houston, TX 77002

Paul Garcia
Paul Garcia & Associates
4801 N.W. Loop 410, Ste. 525
San Antonio, TX 78229

      /s/ Chris A. Blackerby
      Chris A. Blackerby



# DASPIT LAW FIRM

440 Louisiana, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086

**Evan N. Kramer**
*Attorney*
intake@daspitlaw.com

May 26, 2016

Chris Blackerby                          *Via Fax: (512) 472-0721*
GERMER BEAMAN & BROWN PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701

Re:     *Edna Mathis v. Lowe's Home Centers, Inc., et al.*;
No. 2015-31633 in the 215th District Court, Harris County, Texas

Dear Chris:

My client, Edna Mathis, is willing to settle her claims against Lowe's Home Centers, Inc. and Husqvarna Consumer Outdoor Products, N.A., Inc. in this matter for $175,000.00. This is an unconditional offer of settlement and includes anyone claiming by, through or on behalf of Ms. Mathis. In the event of settlement, my client will enter into a full, unconditional release of your clients in exchange for the payment of the above sum.

***Liability Is Clear***

Ms. Mathis injured her neck, back and shoulder in an accident that occurred on May 9, 2015, when the right-front wheel of a riding lawn mower she was operating became detached without warning, causing her to fall to the ground. The riding lawn mower was manufactured by Husqvarna and had been assembled and sold to Ms. Mathis by Lowe's.

At the time of the subject accident, the riding lawn mower, which was delivered to Ms. Mathis's residence by Lowe's, had only been in service for a matter of minutes. There is no basis to allege that Ms. Mathis in any way caused or contributed to the cause of the subject incident. Accordingly, liability on the part of Husqvarna and/or Lowe's is established.

***Edna Mathis's Injuries Are Severe***

The subject accident caused Ms. Mathis to suffer a bone bruise-bone contusion in her left shoulder, as well as injuries to her lumbar spine and cervical spine. As you would



EXHIBIT

9

expect, Ms. Mathis has experienced, and continues to experience, significant pain, which has not responded to conservative treatment measures.

To date, Ms. Mathis has undergone reasonable and necessary treatment for these injuries, including multiple facet joint injections in her lower back. You may find the current medical bills attached to this correspondence. For reference, the following is a list of those charges by health care provider and amount:

| | |
|---|---|
| • Texas Emergency Care Center: | **$ 1,640.19** |
| • Qualcare Rehabilitation: | **$ 2,852.00** |
| • Memorial MRI: | **$25,091.00** |
| • Texas Institute for Spine Care: | **$18,038.68** |
| • Imperial Surgery Center: | **$37,701.50** |
| **Total Charges:** | **$85,323.37** |

In addition to Ms. Mathis's expenses for her medical treatment thus far, she has been recommended for future treatment. Specifically, Dr. Kotecha has recommended that Ms. Mathis undergo an endoscopic rhizotomy. The costs associated with this recommended future medical treatment are $105,846.49. Enclosed with this correspondence please find a copy of Ms. Mathis's surgical recommendation for your file and review.

Very truly yours,

Evan N. Kramer