IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENA MATHIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION NO. 4:16-CV-1559 |
| LOWE'S HOME CENTERS, LLC ) | |
| AND HUSQVARNA CONSUMER ) | |
| OUTDOOR PRODUCTS, N.A., INC. ) | |
| ) | |
| DEFENDANTS. | |

DEFENDANT HUSQVARNA CONSUMER OUTDOOR PRODUCTS, N.A., INC.'S
MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to FED. R. CIV. P. 56, defendant Husqvarna Consumer Outdoor Products, N.A., Inc. ("Husqvarna") requests summary judgment on all claims against it including claims for strict product liability and violations of the DTPA.

I.
INTRODUCTION

This personal injury case arises out of an alleged accident that occurred on May 9, 2015. Plaintiff contends she sustained an injury to her shoulder when the right front wheel came off of a Husqvarna lawn tractor and she allegedly fell off the unit. She purchased the lawn tractor from Lowe's Home Centers, LLC ("Lowe's"). Plaintiff sued Lowe's and Husqvarna (collectively "Defendants"), alleging alternate theories of liability. As to Husqvarna, plaintiff alleges that the lawn tractor was defectively designed or manufactured and asserts claims for strict product liability and breach of the Texas Deceptive Trade Practices Act ("DTPA"). Alternatively, plaintiff alleges that Lowe's negligently modified or assembled the lawn tractor. Plaintiff has no

evidence to support any element of her claims against Husqvarna, including claims for strict product liability design defect, manufacturing defect, marketing defect and alleged violations of the DTPA. She designated no expert to support her claims and it is too late for her to do so now.[1] Husqvarna is entitled to summary judgment on all claims against it.

## II.
## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The summary judgment movant has the initial burden of "'showing' that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once that has been done, Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The nonmovant cannot rely on the mere allegations of his pleadings. Rather, the nonmovant must use affidavits, depositions, answers to interrogatories, or admissions to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 325. An issue is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a reasonable jury could not do so, summary judgment should be granted. *Id.*; s*ee also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1] Plaintiff's deadline to designate experts was September 30, 2016.

III.
PLAINTIFF CANNOT ESTABLISH WHICH DEFENDANT, IF ANY,
IS RESPONSIBLE FOR HER INJURIES

Plaintiff has sued two defendants: (1) Husqvarna, the manufacturer of the lawn tractor, and (2) Lowe's, the entity that sold the lawn tractor to plaintiff, delivered it to her home, and allegedly completed the assembly of the lawn tractor. Plaintiff claims that Husqvarna is liable for her injuries because the lawn tractor was defectively designed and/or manufactured. Third Amended Petition, p. 2. She also claims that Lowe's is liable for her injuries because it was negligent in the modification, assembly, inspection and/or delivery of the lawn tractor. *Id.* However, plaintiff has produced no evidence to establish whether Husqvarna or Lowe's is responsible for her alleged injuries. Rather, plaintiff's claims against Lowe's and Husqvarna are based on nothing more than the occurrence of the accident. Husqvarna is entitled to summary judgment regarding all of plaintiff's claims against it because plaintiff has no evidence to prove which, if any, defendant is responsible for her alleged injuries. *See Sanders v. Naes Cent., Inc.*, No. 01-14-00958-CV, 2016 WL 3401764, at *4 (Tex. App.—Houston [1st Dist.] June 16, 2016).

Expert testimony is necessary for plaintiff to prove her claims against Husqvarna. *See, e.g., Romo v. Ford Motor Co.,* 798 F.Supp.2d 798, 808-810 (S.D. Tex. 2011)(requiring expert testimony on product defect); *Kallassy v. Cirrus Design Corp.,* 265 Fed. Appx. 165, 166 (5th Cir.2008)(same); *See Goodyear Tire & Rubber Co. v. Rios,* 143 S.W.3d 107, 118 (Tex. App. – San Antonio 2004, no pet. h.)(requiring expert testimony on warnings); *Selig v. BMW of N. Am., Inc.*, 832 S.W.2d 95, 101-102 (Tex. App.—Houston [14th Dist.] 1992, no writ)(requiring expert testimony on DTPA claim). But plaintiff has no expert testimony about any defect claim and given that her expert disclosure was due on September 30, 2016, any subsequent disclosure would be untimely.

## IV.
## NO EXPERT TESTIMONY TO SUPPORT CLAIM
## THAT INCIDENT CAUSED INJURIES

Plaintiff alleges the accident caused shoulder injuries and back pain. But plaintiff suffered from chronic neck and back pain requiring pain management, as well as spinal degenerative disease, *prior to* the alleged incident. In fact, plaintiff's discovery responses concede she has been receiving Social Security disability benefits since 1999 in connection with a spinal facture. Exh. A (interrogatory responses) at No. 20. Plaintiff has not designated an expert to testify regarding the cause of her alleged injuries or distinguish between medical conditions that existed prior to the accident and those that may have been caused by the accident. It is too late for her to do so now because the plaintiff's expert designation deadline expired on September 30, 2016. Husqvarna's biomechanical expert, Dr. Lisa Gwin, has opined that plaintiff's bilateral shoulder pain, neck and back pain and upper extremity radiculopathy *pre-dated* the incident. Exh. B (Gwin report).

The Texas Supreme Court long ago established that expert testimony is required to prove causation unless the conditions are within the common knowledge and experience of laypersons:

> We conclude that expert medical evidence is required to prove causation unless competent evidence supports a finding that the conditions in question, the causal relationship between the conditions and the accident, and the necessity of the particular medical treatments for the conditions are within the common knowledge and experience of laypersons.

*Guevara v. Ferrer*, 247 S.W.3d 662, 663 (Tex. 2007). The American Medical Association (AMA) has established guides to be used when assessing causality. Exh. B (Gwin report) at 7.[2] These AMA guides state "there is insufficient evidence to attribute the cause of lumbar disc herniation to any minor trauma event." *Id.* After considering Ms. Mathis's medical records, Dr.

---

[2] Dr. Gwin acknowledges that "[t]he lay public, and some physicians, attribute cause to an incident when symptoms were not reportedly present prior to the incident, but were present after the incident." Exh. B (Gwin report) at 7.

4

Gwin concluded to a reasonable degree of medical and engineering certainty, that "the subject incident was not reasonably capable of producing the effect of degenerative changes as these are the result of repetitive stress over a period of years." *Id.* Ms. Mathis has designated no expert to dispute Dr. Gwin's conclusions or support the claim that her injuries were caused by the accident.

The cause of Ms. Mathis's medical conditions is not within the common knowledge and experience of laypersons, particularly when the evidence demonstrates that Ms. Mathis suffered from similar medical conditions prior to the accident. Summary judgment is appropriate as to all of plaintiff's against Husqvarna because she has not presented any expert testimony that her alleged injuries were caused by the alleged incident – which is an element of each of plaintiff's claims.

## V.
## DESIGN DEFECT CLAIMS

Under Texas law, a plaintiff asserting a claim of design defect must establish that: (1) there was a safer alternative design; (2) the product was unreasonably dangerous; and (3) the defect was a producing cause of the personal injury, property damage or death for which the plaintiff seeks recovery. *Flock v. Scripto-Tokai Corp.,* 319 F.3d 231, 236 (5th Cir. 2003). The requirements to prove a design defect necessitate competent expert testimony and objective proof that a defect caused the injury. *Romo v. Ford Motor Co.,* 798 F.Supp.2d 798, 808-810 (S.D. Tex. 2011); *Champion v. Great Dane Ltd. Partnership,* 286 S.W.3d 533, 538 (Tex. App. – Houston [14 Dist.] 2009, no pet.); *Nissan Motor Co., Ltd. v. Armstrong,* 145 S.W.3d 131, 137 (Tex. 2004) (recognizing the Texas Supreme Court has consistently required competent expert testimony and objective proof that a defect caused an event/injury); *DeGrate v. Executive Imprints, Inc.,* 261 S.W.3d 402, 410-11 (Tex. App. – Tyler 2008, no pet.) (providing that an

expert's conclusory statements on design defect are not competent evidence and cannot defeat or support summary judgment for design defect). Further, "[t]he mere fact that an accident occurred is not sufficient proof that the [product] was defective." *Romo,* 798 F.Supp.2d at 809; *Hernandez v. Nissan Motor Corp. in U.S.A.,* 740 S.W.2d 894, 895 (Tex. App. – El Paso 1987, writ denied); *Parsons v. Ford Motor Co.***,** 85 S.W.3d 323, 330 (Tex. App. – Austin 2002, pet. denied).

Plaintiff's expert designation deadline expired on September 30, 2016. However, plaintiff designated no expert to support her design defect claim. Plaintiff has no evidence – through expert testimony or otherwise – to support any element of her design defect claim, including evidence that (1) there was a safer alternative design; (2) the lawn tractor was unreasonably dangerous; and (3) the defect was a producing cause of plaintiff's alleged injuries. Husqvarna is entitled to summary judgment on plaintiff's design defect claim.

## VI.
## MANUFACTURING DEFECT CLAIMS

A manufacturing defect exists when a "product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Purcel v. Advanced Bionics Corp.,* 2010 WL 2679988 at *8 (N.D. Tex. 2010); *quoting BIC Pen Corp. v. Carter*, 251 S.W.3d 500, 509 (Tex. 2008); *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 800 (Tex. 2006). Texas courts have consistently required competent expert testimony and objective proof that a defect caused an event/injury. *Romo,* 798 F.Supp.2d at 809; *Armstrong,* 145 S.W.3d at 137. The Texas Supreme Court has found that the mere fact that a product failed cannot establish a manufacturing defect. *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 807 (Tex. 2006); *see also Romo*, 198 F.Supp.2d at 809. This type of circumstantial evidence amounts to evidence of a manufacturing defect "so slight as to make any

6

inference a guess [and] is in legal effect no evidence." *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004); *see also Romo* 198 F.Supp.2d at 809.

Plaintiff's expert designation deadline expired on September 30, 2016, and plaintiff designated no expert to support her manufacturing defect claim. Plaintiff is without any evidence – through expert testimony or otherwise – to support any element of her manufacturing defect claim, including evidence that the lawn tractor deviated from the specifications or planned output in a manner that renders it unreasonably dangerous or that any deviation was a producing cause of plaintiff's alleged injuries. Husqvarna is entitled to summary judgment on plaintiff's manufacturing defect claim.

## VII.
## MARKETING DEFECT

A marketing defect claim can be premised on either an alleged failure to warn *or* failure to provide adequate instructions for safe use. *USX Corp. v. Salinas*, 818 S.W.2d 473, 483 (Tex. App. – San Antonio 1991, writ denied); *see Lujan v. Tampo Mfg. Co.,* 825 S.W.2d 505, 510 (Tex. App. – El Paso 1992, no writ) ("A 'marketing defect' involves a failure to warn, or warn adequately, of dangers or risks of harm or the failure to provide instructions for safe use of a particular product."); *Williams v. S. Pac. Transp. Co.*, 804 S.W.2d 132, 138-39 (Tex. App. – Houston [1st Dist.] 1990, writ denied).

Expert testimony is required to support a marketing defect claim since the area of lawn tractor warnings and instructions is not a matter within the scope of knowledge of the average person. *See Kallassy v. Cirrus Design Corp.,* 265 Fed. Appx. 165, 166 (5th Cir.2008); *Goodyear Tire & Rubber Co. v. Rios,* 143 S.W.3d 107, 118 (Tex. App. – San Antonio 2004, no pet. h.) (holding that "[a] jury could not have determined, without the benefit of expert testimony, which, among many, warnings and instructions should be printed on a sidewall [tire]"); *see also Foltz v.*

7

*Smith & Wesson Corp.,* 2009 WL 2596598 at *3 (N.D. Tex. 2009) (expert testimony required to determine what warnings should be included on the firearm itself).

Plaintiff's expert designation deadline expired on September 30, 2016, and plaintiff designated no expert to support her marketing defect claim. Plaintiff is without any evidence – through expert testimony or otherwise – to support any element of her marketing defect claim, including evidence that Husqvarna failed to warn about the lawn tractor, failed to issue adequate instructions regarding the lawn tractor, or that any alleged failure caused plaintiff's alleged damages. Husqvarna is entitled to summary judgment on plaintiff's marketing defect claim.

## VIII.
## DECEPTIVE TRADE PRACTICES ACT

The elements of a DTPA claim are: (1) the plaintiff is a consumer; (2) the defendant either engaged in false, misleading or deceptive acts, that is, violated a specific laundry-list provision of section 17.46 of the DTPA, or engaged in an unconscionable action or course of action; and (3) the DTPA laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury. TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2011); *Robinson v. Match.com*, L.L.C., No. 3:10-CV-2651-L, 2012 WL 5007777, at *8 (N.D. Tex. Oct. 17, 2012), *aff'd sub nom. Malsom v. Match.com, L.L.C.* , 540 F. App'x 412 (5th Cir. 2013), *citing Doe v. Boys Clubs of Greater Dall., Inc.,* 907 S.W.2d 472, 478 (Tex.1995). Reliance by the consumer is an element of DTPA claims that are based on false, misleading, or deceptive practices or section 17.46's laundry list violations:

> (a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish: (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:
> (A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and
> (B) *relied on by a consumer* to the consumer's detriment

8

4573948

TEX. BUS. & COM. CODE ANN. § 17.50(a)(1)(A)-(B) (West)(emphasis added). Section 17.46 includes a list of practices that constitute false, misleading, or deceptive acts or practices for purposes of section 17.50(a)(1) of the DTPA. *Id.; see also* § 17.46(b)(1)-(27).

While plaintiff alleges that Husqvarna violated several provisions of §17.46 of the DTPA, her live pleading does not contain a single factual allegation to support her DTPA cause of action, does not contend that she relied on any representation of Husqvarna, and does not contend that any DTPA violation of Husqvarna was the producing cause of her injury. The DTPA portion of plaintiff's pleading reads, *in its entirety*, as follows:

> Defendants have violated and continue to violate TEX. BUS. & COM. CODE § 17.41, *et seq.* by engaging in one or more of the following acts or practices:
>
> (a)   Engaging in false, misleading, or deceptive acts or practices in the conduct or trade and commerce, in violation of TEX. BUS. & COM. CODE § 17.46(a);
>
> (b)   Representing that its goods or services have characteristics, uses or benefits which they do not have, in violation of TEX. BUS. & COM. CODE § 17.41(b)(5);
>
> (c)   Representing that goods or services are of a particular standard, quality, or grade, in violation of TEX. BUS. & COM. CODE § 17.46(b)(7); and
>
> (d)   Representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the part replaced, in violation of TEX. BUS. & COM. CODE § 17.46(b)(22).

Third Amended Petition at p. 4. These allegations do not provide the Court with any reasonable basis to predict that plaintiff can recover from Husqvarna pursuant to the DTPA. Plaintiff's allegations are nothing more than "legal conclusions couched as factual allegations" and fail to state a claim under the DTPA or the liberal Texas pleading standard. *Meritt Buffalo Events Center, LLC v. Central Mutual Ins. Co.*, 2016 WL 931217 at *5-6 (N.D. Tex. March 11, 2016); *see also Fredrichs v. Time Ins. Co.*, 2007 WL 1624310 at *2 (E.D. Tex. June 1, 2007)(vague,

factually unsupported references do not state valid cause of action under DTPA); *Stewart v. World Ins. Co.*, 2007 WL 2746796 at *4 (E.D. Tex. Sept. 19, 2007).

A.  <u>Personal injury claims not actionable under the DTPA</u>.

Plaintiff's claim for violations of the DTPA lacks merit because the claim stems solely from Ms. Mathis' alleged bodily injury and alleged mental anguish. Third Amended Petition, p. 5 (seeking recovery for medical expenses; pain, suffering and mental anguish, physical impairment and loss of earning capacity). Such claims, with limited exceptions not applicable here, are not permitted under the DTPA. *See DiGangi v. 24 Hour Fitness USA, Inc.*, No. 05-04-01119-CV, 2005 WL 1367945, at *2-*3 (Tex. App.—Dallas June 10, 2005, no pet.). In 1995, the Texas Legislature revised the DTPA to expressly exempt bodily injury, death, and mental anguish claims:

> Except as specifically provided by subsections (b) and (h), Section 17.50, nothing in this subchapter shall apply to a cause of action for bodily injury or death or for the infliction of mental anguish.

TEX. BUS. & COMM. CODE § 17.49(e). Because the statute's language is clear and unambiguous, the Court should adopt its plain interpretation:

> The history behind this amendment further demonstrates that Plaintiffs' claims are barred. Before the 1995 amendment, the DTPA had been expanded beyond its original intent. It had become an avenue for far too many lawsuits relating to a variety of claims outside the consumer-business relationship, including personal injury litigation.
>
> * * * * *
>
> Thus, one of the Legislature's aims in reforming the DTPA was to exclude personal injury litigation from the DTPA's ambit.

*See* Teel Bivins et al., *The 1995 Revisions to the DTPA: Altering the Landscape*, 27 TEX. Tech. L. Rev. 1441, 1448 and 1443 (1996); *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). Public policy supports this limitation of the DTPA

10

because personal injury litigants may still seek relief through other traditional forms of action such as strict liability and negligence as plaintiff has done here—to the extent there is evidence to support such claims.

Section 17.49(e) of the DTPA makes it clear that a cause of action for bodily injury or mental anguish may only be brought under the DTPA if allowed under Section 17.50(b) or (h). *See* TEX. BUS. & COM. CODE ANN. § 17.49(e). No evidence exists to support recovery pursuant to either of these two limited exceptions for which a claim for bodily injury or mental anguish is permitted.

Section 17.50(b) permits a plaintiff to recover mental anguish damages (in addition to economic damages) only if the alleged DTPA violation was committed knowingly or intentionally. Plaintiff does not even allege that Husqvarna acted "knowingly" in violating the DTPA, much less offer any proof that Husqvarna acted "knowingly" in violating the DTPA. Section 17.50(h) only permits a plaintiff to recover actual damages, which can include bodily injury claims in addition to economic damages, if he is granted the right to bring a cause of action under the DTPA by a "tie-in statute," such as the Debt Collection Act, etc. *Id.* at §17.50(h); *see also* TEX. FINANCE CODE ANN. § 392.404(a)("A violation of [the Debt Collection Act] is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."); TEX. BUS. & COM.CODE ANN. § 20.12 (Vernon 2009) ("Regulation of Consumer Credit Reporting Agencies" statute: "A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17."); TEX. BUS. & COM.CODE ANN. § 601.204 ("Cancellation of Certain Consumer Transactions" statute: "A violation of this chapter is a false, misleading, or deceptive act or practice as defined by section 17.46(b). In addition to any remedy under this chapter, a remedy under Subchapter E, Chapter

17, is also available for a violation of this chapter."); TEX. PROP.CODE ANN. § 41.006(b) (Vernon 2000) ("Certain Sales of Homestead" statute: "(b) The taking of any deed in connection with a transaction described by this section is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and the deed is void and no lien attaches to the homestead property as a result of the purported sale."); TEX. FIN. CODE ANN. § 393.504 ("Credit Services Organizations" statute: "A violation of this chapter is a deceptive trade practice actionable under Subchapter E, Chapter 17, Business & Commerce Code."). In other words, this provision permits a consumer to bring a cause of action under the DTPA only if he is granted that right by another law. Plaintiff has not alleged or produced evidence that she is entitled to recover damages under the DTPA by application of any tie-in statute, nor are there any such statutes that are applicable in this case. Because neither section §17.50(b) nor (h) permits plaintiff to recover damages for bodily injury or alleged mental anguish, the plaintiff may not maintain a DTPA cause of action under Texas law.

B.      <u>No support for claim that Husqvarna engaged in false, misleading or deceptive acts</u>.

Regarding plaintiff's allegation that Husqvarna engaged in "false, misleading or deceptive acts or practices," plaintiff provides no specific information regarding the acts or practices at issue. Plaintiff has provided no factual or evidentiary support for her allegation. Under these circumstances, Husqvarna is entitled to summary judgment regarding plaintiff's vague claim it engaged in false, misleading or deceptive acts or practices. *Meritt Buffalo*, 2016 WL 931217 at *5-6; *Fredrichs*, 2007 WL 1624310 at *2; *Stewart*, 2007 WL 2746796 at *4.

C.      <u>No support for claim that Husqvarna made representations regarding lawn tractor</u>.

Plaintiff's claim that Husqvarna violated the DTPA by representing that (1) the lawn tractor has characteristics, uses or benefits it does not have and/or (2) that the lawn tractor was of

a particular standard, quality or grade, when it was not, is vague and unsupported by any evidence. Plaintiff's pleading identifies no specific representation made to her about the lawn tractor by any Husqvarna representative, or explain how any representation made by a Husqvarna representative caused her alleged injuries. Husqvarna is entitled to summary judgment on such claims.

Plaintiff's claim regarding Lowe's alleged representations regarding the lawn tractor also fails as a matter of law because, though cast as a DTPA claim, these allegations hinge on whether the lawn tractor was defective. Accordingly, these claims are properly characterized as "product liability claims." *See Figueroa v. Gen. Motors Corp.*, No. EP07CV297PRM, 2008 WL 4372700, at *5 (W.D. Tex. Sept. 15, 2008)(DTPA claims were product liability claims under Chapter 82 of Civil Practice & Remedies Code); *see also Murphy v. Russell*, 167 S.W.3d 835, 839 (Tex. 2005)(DTPA claims were actually "health care liability claims" because hinged on standard of care for anesthesiologists). Competent expert testimony is required to support plaintiff's product liability claim that a defect in the lawn tractor caused her alleged injuries. Absent proof via expert testimony that there was some defect in the lawn tractor, the plaintiff is not entitled to recover on her DTPA claim. *Selig v. BMW of N. Am., Inc.*, 832 S.W.2d 95, 101-102 (Tex. App.—Houston [14th Dist.] 1992, no writ). Plaintiff designated no expert to support her claims the expert designation deadline established by this Court, and it is too late for her to do so now.

D.    <u>No evidence that Husqvarna made representations regarding work on lawn tractor</u>.

Plaintiff's pleading claims that Husqvarna represented that work or services were performed on the lawn tractor when no work or services had been performed on the lawn tractor. However, plaintiff does not identify what work or services she is referring to or provide any

13

factual allegations to support her claim. Plaintiff has produced no evidence regarding any representation Husqvarna made to her regarding the lawn tractor or work or services performed on the lawn tractor. Absent such evidence, Husqvarna is entitled to summary judgment regarding plaintiff's claim it falsely represented that work or services had been performed on the lawn tractor.

E. <u>No allegation that plaintiff relied on any representation made by Husqvarna or evidence to support such a claim.</u>

Husqvarna is entitled to summary judgment on plaintiff's DTPA claim because she does not even allege that she relied on any representation made by Husqvarna regarding the lawn tractor, much less produce any evidence that would support such an allegation. In fact, the evidence conclusively proves that Ms. Mathis relied solely on her son-in-law's representations regarding the Husqvarna law tractor when deciding what product to purchase:

> Q. How did -- How did you decide to purchase the -- the Husqvarna lawn mower?
> A. My son-in-law said it was a good lawn mower.
>
> \* \* \* \* \*
>
> Q. How is it that you chose the Husqvarna 15-inch (sic) versus a Craftsman or anybody -- any other type of lawn mower that was there?
> A. Because my son-in-law said it was a good lawn mower to get.

Exh. C (Mathis dep.) at 20:24-21:1; 28:4-8. Summary judgment is appropriate with respect to the plaintiff's DTPA claim because there is no allegation, much less any evidence, that Ms. Mathis relied on any representation made by Husqvarna regarding the lawn tractor.

F. <u>No allegation that any representation made by Husqvarna caused plaintiff's alleged injuries or evidence to support such a claim.</u>

Husqvarna is entitled to summary judgment on plaintiff's DTPA claim because she does not even allege that her injuries were caused by any DTPA violation made by Husquvarna in

14

connection with the lawn tractor, much less produce any evidence that would support such an allegation.

## IX.
## PRAYER

Husqvarna requests this motion for summary judgment be granted and plaintiff take nothing on all claims against Husqvarna, including claims for strict product liability and violations of the DTPA. Husqvarna further requests any other relief to which it may be justly entitled.

Respectfully submitted,

GERMER BEAMAN & BROWN, PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-9260 Facsimile


By: /s/Chris A. Blackerby
    Chris A. Blackerby
    State Bar No. 00787091
    Federal Bar No. 20016
    Ryan C. Bueche
    State Bar No. 24064970
    Federal Bar No. 1419712

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I hereby certify that, on the 1st day of November, 2016, I caused the foregoing document to be electronically submitted with the clerk of court for the U.S. District Court Southern District of Texas using the electronic case filing system of the Court.  I hereby certify that I have caused all counsel of record to be electronically served via the Court's CM/ECF system.

John Daspit
jdaspit@daspitlaw.com
Robert Morse
Robert@daspitlaw.com
David Sanders
Michael@daspitlaw.com
Daspit Law Firm
440 Louisiana St., Suite 1400
Houston, Texas  77002
(713) 588-0383 Telephone
(713) 587-9086 Facsimile

                                      /s/Chris A. Blackerby
                                      Chris A. Blackerby / Ryan C. Bueche

4573948